OPINION
PER CURIAM.
Petitioner Zhou Jian Ni is a citizen of China. He entered the United States in *420 1992, and was paroled into the United States for 90 days as an asylum applicant. His application was denied in 1993, and he did not appeal that order. In January 2007, Ni filed a motion to reopen his immigration proceedings, citing new country conditions in China. The IJ denied his motion, and the BIA dismissed his appeal. Ni then filed a petition for review. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA’s denial of a motion to reopen for abuse of discretion. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir.2004). Thus, the decision of the BIA should be affirmed unless “arbitrary, irrational, or contrary to law.” Tipu v. INS, 20 F.3d 580, 582 (3d Cir.1994). The BIA’s factual findings must be upheld “unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B).
A “motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal.” 8 U.S.C. § 1229a(c)(7)(C)(i). However, the 90-day time limitation does not apply to a motion to reopen if that motion is based on “changed country conditions arising in the country of nationality ... if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.” § 1229a(c)(7)(C)(ii). Further, a motion to reopen must establish prima facie eligibility for asylum. See Guo, 386 F.3d at 563. This requires “the applicant to produce objective evidence showing a ‘reasonable likelihood’ that he can establish [that he is entitled to relief].” Id. (quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir.2002)).
In support of his motion to reopen, Ni argued that he would be subjected to forced sterilization procedures if returned to his native Fujian Province because he fathered two children in the United States, and because China’s family planning policies have become more strictly enforced. Ni submitted various documents, including his own affidavit, two administrative opinions from Chinese family planning agencies, and an unsworn, unsigned photocopy of the Aird affidavit, which details the late demographer’s account of the enforcement of Chinese family planning policies.
The BIA reasoned that Ni failed to demonstrate changed circumstances for three reasons. First, the BIA noted that Ni’s affidavit, which simply repeated his previously considered fears regarding forced sterilization, did not demonstrate “changed circumstances” in China. We agree. See Zhao v. Gonzales, 440 F.3d 405, 407 (7th Cir.2005) (noting that “cumulative evidence that conditions asserted in the original application ‘persisted’ is not evidence of changed circumstances”).
Second, the BIA noted that it had previously considered in precedential cases documents identical or substantially similar to Ni’s submissions, but had concluded that such evidence failed to demonstrate material changes in the family planning policies of Fujian Province. See, e.g., Matter of S-Y-G-, 24 I. & N. Dec. 247, 247-48 (BIA 2007) (considering administrative decisions from Fujian Province family planning agencies); Matter of J-W-S-, 24 I. & N. Dec. 185, 189 (BIA 2007) (considering, inter alia, the Aird Affidavit). Although the Board did not conduct an exhaustively detailed analysis of every bit of evidence Ni submitted, we think the Board’s express consideration of evidence relevant to its analysis was sufficient to support its decision, and we do not think that the Board’s somewhat abbreviated discussion amounted to an abuse of discretion in that regard. See Zheng v. Att’y Gen., 549 F.3d 260, 266-69 (3d Cir.2008) (noting that we do not require the Board “to write an exegesis on every contention” when its analysis indicates that it has reviewed the *421 record and understood the movant’s claims).
Finally, the Board noted that, contrary to Ni’s assertions, his case is distinguishable from that of the petitioner in Guo. In that case, Guo filed a timely motion to reopen, and thus only needed to demonstrate to the Board prima facie evidence of her entitlement to asylum. See 386 F.3d at 563-64. As the BIA correctly noted, because Ni failed to file a timely motion to reopen, he also bore the burden of demonstrating the existence of changed circumstances. See 8 U.S.C. § 1229a(c)(7)(C)(ii). Ni presents no good reason to question that assessment.
Accordingly, we will deny the petition for review.